TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY, Plaintiffs–
Counter–Defendant–Appellee,

v.

Helene M. PEDDLE, as personal repre-
sentative of the estate of Henry Ped-
dle, deceased, Defendant–Counter–
Claimant–Appellant.

No. 05–10264
Non–Argument Calendar.
D.C. Docket No. 02–10086–CV–JLK.

United States Court of Appeals,
Eleventh Circuit.

Dec. 9, 2005.

Michael T. Moore, Moore & Company,
P.A., Coral Gables, FL, for Defendant–
Counter–Claimant–Appellant.

Roberta Goodman Mandel, Houck, Ham-
ilton & Anderson, Miami, FL, for Plain-
tiffs–Counter–Defendant–Appellee.

Before TJOFLAT, BIRCH and
BARKETT, Circuit Judges.

PER CURIAM:

In this case, the district court, in an
order issued on November 30, 2004, grant-
ed Travelers Property Casualty Insurance
Company a summary judgment declaring
that the damage caused by the partial
sinking of the late Henry Peddle's 51 ft.
Grand Banks Trawler, the LUCKY
DUCKS IV, did not fall within the hull and
machinery coverage provided by the all
risk insurance policy Travelers issued to
Peddle for the LUCKY DUCKS IV. Mr.
Peddle died on February 12, 2005, and his
personal representative now appeals that
judgment, contending that the court failed
to address "the pivotal issues in the litiga-
tion—that corrosion is different from ero-
sion, that a combination of corrosion and
erosion caused the loss, that erosion is not
specifically excluded from [the] insurance
policy and that erosion is therefore cov-
ered." Appellant's brief at 8.

Mr. Peddle made essentially the same
argument in moving the court on Decem-
ber 14, 2004, to reconsider its order grant-
ing Travelers summary judgment. The
court denied his motion, stating that "[a]ll
of the claims and allegations set forth in
[Peddle's] motion have already been liti-
gated, considered, and ruled on by this
Court." *See* Order dated January 5, 2005.
Our reading of the record convinces us
that the court had indeed considered and
disposed of the arguments advanced by
the motion for reconsideration. We have
now considered the arguments appellant
advances in her initial brief, and conclude
that they lack merit. In our view, in this
case, in which the material facts are not in
dispute, the district court correctly inter-
preted and applied the relevant insurance
coverage.

AFFIRMED.